# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JEROME WEAVER, | ) | 1:11cv01429 LJO DLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| ATTORNEY GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

On August 19, 2011, Plaintiff Michael Jerome Weaver ("Plaintiff"), a prisoner appearing pro se, filed this action in which he seeks a waiver of the renunciation of citizenship requirements.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

B.     Plaintiffs' Allegations

Plaintiff explains that he is currently incarcerated and it is therefore impossible for him to travel outside of the United States and appear before a Foreign Affairs Officer to formally renounce his United States citizenship. Plaintiff wishes to renounce his citizenship and become "a declared Stateless person, as defined in the Convention Relating to the Status of Stateless Person." Motion, at 1. Upon his release, Plaintiff wishes to legally depart the United States and "get on with his life without additional unnecessary delay." Motion, at 2.

Plaintiff alleges that the delay in renunciation caused by his incarceration and eventual parole obligation is causing "personal anxiety, grief and distress." Motion, at 2. Plaintiff requests that the Court waive the normal renunciation of citizenship requirements and either grant his renunciation, order the appropriate United States Agency to waive the requirements or order a representative from the Agency to travel to the prison to accept the appropriate documents.

C.     Analysis

A United States citizen has the right to renounce his citizenship. Nishikawa v. Dulles, 356 U.S. 129, 139 (1958). Congress has broad authority over the circumstances and the procedures a citizen must satisfy to expatriate. Article I, Section 8 of the Constitution establishes that "Congress shall have power ... To establish an uniform Rule of Naturalization." This Constitutional mandate empowers Congress to define "the processes through which citizenship is acquired or lost," to determine "the criteria by which citizenship is judged," and to fix "the consequences citizenship or noncitizenship entail." Davis v. District Director, INS, 481 F.Supp. 1178, 1183-84 n. 8 (D.D.C.1979) (citation omitted). Congress has set forth how a United States citizen may lose or surrender his citizenship. Title 8 of the United States Code, section 1481 reads,

> (a) A person who is a national of the United States whether by birth or naturalization, shall lose his nationality by voluntarily performing any of the following acts with the intention of relinquishing United States nationality-[¶¶]
>
>> (5) making a formal renunciation of nationality before a diplomatic or consular officer of the United States in a foreign state, in such form as may be prescribed by the Secretary of State; or

> (6) making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designated by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of national defense.

However, courts have held that a prisoner has no right to extraordinary expatriation procedures. In Koos v. Holm, 204 F.Supp.2d 1099, 1108 (W.D. Tenn.2002), the plaintiff was an federal inmate who attempted to renounce his citizenship and sought judicial assistance once he was refused a Certificate of Loss of Nationality. Id. at 1108. In denying relief, the court determined that Koos lost his right to renounce his citizenship while he remained a prisoner. Id. The fact that Koos could do so, if he was permitted to leave the country, was of no moment. Id. "After Koos fully serves his sentence, he is free to travel to another country and renounce his citizenship to a United States Consular Officer. As he is a prisoner at this time, he may not exercise this right." Id.

Here, although Plaintiff complains that delay in renunciation is causing stress and anxiety, he has failed to demonstrate any entitlement to a variance in the requirements for renunciation. As in Koos, the Court finds that, due to his incarceration, Plaintiff has lost his right to renounce his citizenship under section 1481(a)(5). See also Taylor v. U.S. Dept' of State, 2010 WL 4225535 (E.D. Cal. 2010). Until he has served his sentence, he will not be free to perform those acts needed to renounce his citizenship.

**RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim for which relief can be granted.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. Fed. R. Civ. P. 72(b); Local Rule 304(b). The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 30, 2011**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE